1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,                    No.  2:21-cv-0611 AC P

12                  Plaintiff,

13         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   KATHERINE NEEL, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff also

19   moves for a temporary restraining order or preliminary injunction.

20         I.      Application to Proceed In Forma Pauperis

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  ECF No. 4.  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                              1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4        II.        Statutory Screening of Prisoner Complaints

5            The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17  Franklin, 745 F.2d at 1227-28 (citations omitted).

18           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20  what the claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S.

21  544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

28  something more than a statement of facts that merely creates a suspicion [of] a legally cognizable

1   right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller,

2   Federal Practice and Procedure § 1216 (3d ed. 2004)).

3        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12       III.    Complaint

13       The complaint alleges that defendants Neel, Bobbala, Sahota, Soltanian, Lynch, and Gates

14  violated plaintiff's rights under the First and Eighth Amendments[1] when they retaliated against

15  him by withholding medical treatment.  ECF No. 1.

16       Plaintiff alleges that after years of being prescribed methadone—which was discontinued

17  as punishment for filing lawsuits—he has developed an addiction to heroin—which he uses to

18  treat his chronic pain.  Id. at 4-5.  On May 15, 2020, Gates issued a final response to a health care

19  appeal stating that plaintiff was receiving tramadol for pain but failed to enforce that decision,

20  which Soltanian refused to honor.  Id. at 6.  It appears that Bobbala may have issued a similar

21  decision at an earlier stage of the appeal.  Id.  When plaintiff informed Gates that he continued to

22  be deprived of pain medication, Gates did nothing.  Id.  Soltanian and Bobbala similarly

23  continued to allow plaintiff to suffer in pain despite multiple medical forms requesting treatment

24  for pain caused by damage to plaintiff's cervical and lumbar spine.  Id.  Sahota also failed to

25  _____

[1]  Plaintiff also cites the Fourteenth Amendment.  However, because plaintiff was in custody at
26  CSP, Sacramento at the time of the alleged violations, it appears that he was a convicted prisoner
    and not a pretrial detainee.  His deliberate indifference claims therefore arise under the Eighth
27  Amendment.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) (citation
    omitted) (Fourteenth Amendment applies to pretrial detainees while the Eighth Amendment
28  applies to convicted prisoners).

provide plaintiff with pain treatment despite reviewing fifteen complaints about plaintiff's pain as a member of the reasonable accommodation panel.  Id.

On July 10, 2020, Soltanian determined that plaintiff required medication assisted treatment for his heroin abuse and an appointment was scheduled for August 9, 2020.  Id. at 4. During the appointment, plaintiff asked Soltanian why he would not provide treatment— presumably for plaintiff's pain—and Soltanian responded that he would not treat plaintiff unless he dismissed his litigation against the medical department.  Id.  Soltanian then stopped all of plaintiff's pain medication and Soltanian and Neel prevented plaintiff's August 9, 2020 appointment from taking place.  Id.

On August 20, 2020, plaintiff filed a health care appeal regarding access to the medication assisted treatment program which was reviewed by Sahota, who responded that the appointment for medication assisted treatment was pending.  Id. at 5.  Plaintiff subsequently sent additional requests to Sahota regarding his need for treatment from an addiction physician, but those requests were ignored.  Id. at 6.  Plaintiff further alleges that Bobbala and Neel conspired to deny him access to an addiction physician, and that Bobbala scheduled plaintiff for an April 5, 2021 appointment with an addiction physician after plaintiff dismissed her from litigation.  Id. at 5.

Finally, plaintiff alleges that Lynch has failed to intervene despite being notified through grievances and correspondence from plaintiff and advocacy groups that plaintiff is being denied medical treatment.  Id. at 7.

IV.    Analysis

A.  Defendant Neel

The complaint makes only conclusory assertions that Neel prevented plaintiff from seeing an addiction physician and fails to identify any specific actions by this defendant.  "Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Because plaintiff has not alleged any facts showing the necessary personal involvement by Neel,

4

1  he has not stated any claims against her.

2          B.  Eighth Amendment

3      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

4  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

5  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

6  to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

7  could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

8  (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal

9  quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

10  Deliberate indifference is established only where the defendant subjectively "knows of and

11  disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051,

12  1057 (9th Cir. 2004) (citation and internal quotation marks omitted).

13        Plaintiff's allegations are sufficient to state Eight Amendment claims against defendants

14  Sahota, Soltanian, and Lynch based on the failure to provide pain medication and medication

15  assisted treatment, and they will be required to respond to the complaint.  The allegations are also

16  sufficient to state claims for relief against Bobbala and Gates based on the denial of pain

17  medication, and they will be required to respond to those claims.  However, plaintiff fails to state

18  Eighth Amendment claims against Bobbala and Gates based on the denial of medication assisted

19  treatment.  There are no facts indicating that Gates had any involvement with plaintiff's

20  appointment with an addiction physician, and the complaint states only that Bobbala scheduled

21  plaintiff for an appointment with an addiction physician, with no facts showing that Bobbala was

22  involved in the denial and delay in treatment up to that point.

23        C.  First Amendment

24      A viable First Amendment claim for retaliation must include the following five elements:

25  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

26  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

27  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

28  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

1  Plaintiff has sufficiently alleged that Soltanian's denial of medical treatment was motivated by

2  plaintiff's ongoing litigation.  However, the complaint does not allege sufficient facts to

3  demonstrate that Lynch, Gates, Sahota, and Bobbala's conduct was also motivated by plaintiff's

4  protected conduct.  Although plaintiff makes general claims that these defendants' conduct was

5  motivated by his pending lawsuits, he fails to provide any facts that would support this assertion.

6  The mere fact that plaintiff had litigation pending while his medical treatment was denied or

7  delayed, without more, does not support an inference that the litigation was what motivated

8  defendants' conduct.

9      V.      Leave to Amend

10     For the reasons set forth above, the court finds that the complaint does not state any

11 cognizable claims against defendant Neel.  The complaint also fails to state any cognizable claims

12 for retaliation—except against defendant Soltanian—and does not state claims for deliberate

13 indifference against defendants Bobbala and Gates based on the denial of medication assisted

14 treatment.  However, it appears that plaintiff may be able to allege facts to remedy this and he

15 will be given the opportunity to amend the complaint if he desires.

16     Plaintiff may proceed forthwith to serve defendants Bobbala, Sahota, Soltanian, Lynch,

17 and Gates on the cognizable claims identified above in Section IV, or he may delay serving any

18 defendant and amend the complaint.

19     Plaintiff will be required to complete and return the attached notice advising the court how

20 he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

21 file an amended complaint.  If plaintiff elects to proceed on the complaint as screened, the court

22 will proceed to serve the complaint.  A decision to go forward without amending the complaint

23 will be considered a voluntarily dismissal without prejudice of all claims against defendant Neel;

24 the retaliation claims against defendants Bobbala, Sahota, Lynch, and Gates; and of the deliberate

25 indifference claims against defendants Gates and Bobbala based on the denial of medication

26 assisted treatment.

27     If plaintiff chooses to file a first amended complaint, he must specify how the conditions

28 about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

6

423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Motion for a Temporary Restraining Order or Preliminary Injunction

Plaintiff has filed a motion for temporary restraining order or preliminary injunction in which he requests an order directing that his appointment with an addiction physician be kept and that his pain medication be adjusted to an effective dose.  ECF No. 2 at 3.  He asserts that absent the relief requested, his constitutional rights will continue to be violated.  Id. at 2.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7

1    (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary

2    injunctions is "substantially identical").

3           "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

4    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

5    balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

6    Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request

7    for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  See

8    Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury

9    does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."

10   (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

11          Although plaintiff claims that his constitutional rights will continue to be violated, he has

12   not presented any facts to support that claim.  Though the exhibits attached to the motion

13   demonstrate that plaintiff suffers from chronic pain and has been recommended for medication

14   assisted treatment, they also indicate that he has been referred for a pain medication adjustment

15   and is still referred for a consult for medication assisted treatment.  There is no evidence that

16   plaintiff's appointments or referrals will be cancelled.  See Herb Reed Enters., LLC v. Fla. Entm't

17   Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer

18   evidence sufficient to establish a likelihood of irreparable harm."); Caribbean Marine Serv., 844

19   F.2d at 674.  ("A plaintiff must do more than merely allege imminent harm sufficient to establish

20   standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to

21   preliminary injunctive relief."  (emphasis in original) (citing Los Angeles Mem'l Coliseum

22   Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980))).

23          Furthermore, plaintiff has since filed a notice of change of address showing that he has

24   been transferred from CSP, Sacramento—where he was allegedly being denied treatment—to

25   California Medical Facility.  There is no indication that plaintiff is still under defendants' care or

26   has a reasonable expectation of being returned to CSP, Sacramento, rendering his requests for

27   relief moot.  See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is

28   moved from a prison, his action [for injunctive relief] will usually become moot as to conditions

8

at that particular facility" (citing <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995)));

<u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief

related to conditions of confinement were moot where prisoner was transferred to another facility

and "demonstrated no reasonable expectation of returning to [the original facility]." (citing

<u>Darring v. Kincheloe</u>, 783 F.2d 874, 876 (9th Cir. 1986))).

   For these reasons, the motion for a temporary restraining order or preliminary injunction

should be denied.

   VII.   <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

   Your request to proceed in forma pauperis is granted.  That means you do not have to pay

the entire filing fee now.  You will pay it over time, out of your trust account.

   Some of the allegations in the complaint state claims against the defendants and some do

not.  You have stated claims for deliberate indifference based on the denial of pain medication

against defendants Bobbala, Sahota, Soltanian, Lynch, and Gates.  You have also stated claims

for deliberate indifference based on the denial of medication assisted treatment against Sahota,

Soltanian, and Lynch and for retaliation against Soltanian.  You have not provided enough facts

about what Neel did to state any claims of relief against her.  You also have not alleged facts

showing that Bobbala, Sahota, Lynch, and Gates' conduct was motivated by your lawsuits or that

Bobbala and Gates denied or delayed your access to medication assisted treatment.

   You have a choice to make.  You may either (1) proceed immediately on your claims for

deliberate indifference based on the denial of pain medication against defendants Bobbala,

Sahota, Soltanian, Lynch, and Gates; your claims for deliberate indifference based on the denial

of medication assisted treatment against Sahota, Soltanian, and Lynch; and for retaliation against

Soltanian and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want

to go forward without amending the complaint, you will be voluntarily dismissing without

prejudice all claims against defendant Neel; the retaliation claims against defendants Bobbala,

Sahota, Lynch, and Gates; and of the deliberate indifference claims based on the denial of

medication assisted treatment against defendants Gates and Bobbala.  If you choose to file a first

amended complaint, it must include all claims you want to bring.  Once an amended complaint is

9

filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's claims against defendant Neel; the retaliation claims against defendants Bobbala, Sahota, Lynch, and Gates; and of the deliberate indifference claims based on the denial of medication assisted treatment against defendants Gates and Bobbala do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his claims for deliberate indifference based on the denial of pain medication against defendants Bobbala, Sahota, Soltanian, Lynch, and Gates; deliberate indifference based on the denial of medication assisted treatment against Sahota, Soltanian, and Lynch; and retaliation against Soltanian as set forth above, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Neel; the retaliation claims against defendants Bobbala, Sahota, Lynch, and Gates; and of the deliberate indifference claims based on the denial of medication assisted treatment against defendants Gates and Bobbala.

////

6.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    LARRY WILLIAM CORTINAS,                No.  2:21-cv-0611 AC P

9                       Plaintiff,

10         v.                               PLAINTIFF'S NOTICE ON HOW TO
                                            PROCEED
11   KATHERINE NEEL, et al.,

12                      Defendants.

13

14         Check one:

15   _____ Plaintiff wants to proceed immediately on his claims for deliberate indifference based on

16         the denial of pain medication against defendants Bobbala, Sahota, Soltanian, Lynch, and

17         Gates; deliberate indifference based on the denial of medication assisted treatment against

18         Sahota, Soltanian, and Lynch; and retaliation against Soltanian without amending the

19         complaint.  Plaintiff understands that by going forward without amending the complaint

20         he is voluntarily dismissing without prejudice all claims against defendant Neel; the

21         retaliation claims against defendants Bobbala, Sahota, Lynch, and Gates; and of the

22         deliberate indifference claims based on the denial of medication assisted treatment against

23         defendants Gates and Bobbala pursuant to Federal Rule of Civil Procedure 41(a).

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                          _____
                                            Larry William Cortinas
28                                          Plaintiff pro se

                                            1