UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | No. 2:21-cv-0611 TLN AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KATHERINE NEEL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. After waiving service of the complaint, defendants requested and were granted an extension of time to file their responses to the complaint. ECF Nos. 22, 24, 25. Defendants Gates, Lynch, and Sahota have now filed a motion to revoke plaintiff's in forma pauperis status (ECF No. 34), which has been joined by defendant Bobbala (ECF No. 32), and defendant Soltanian-Zadeh has filed a motion to dismiss (ECF No. 33). Gates, Lynch, Sahota, and Bobbala have also requested that their time to respond to the complaint be extended until there has been a ruling on their motion to revoke plaintiff's in forma pauperis status. ECF Nos. 31, 32.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

////

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Gates, Lynch, Sahota, and Bobbala argue that plaintiff's in forma pauperis status should be revoked because he has accumulated at least four strikes; they make no argument regarding the imminent danger exception. ECF No. 34-1.

Plaintiff's complaint alleges that defendants are continuing to deprive him of pain medication and medication assisted treatment, and that the deprivation has left him in so much pain that he is not able to leave his cell. ECF No. 1 at 6. Plaintiff simultaneously filed a motion for a temporary restraining order or preliminary injunction, also alleging that he is still being denied treatment and the alleged injury is ongoing. See ECF No. 2; Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."). Although plaintiff has since been transferred from California State Prison-Sacramento (ECF No. 6), where defendants are employed, at the time he filed the complaint he was still housed at that facility (ECF No. 1-1), and "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)." Andrews, 493 F.3d at 1053.

In cases such as this, where the plaintiff alleges facts demonstrating that he is in imminent danger of serious physical injury at the time he filed the complaint, it is irrelevant how many strikes he may have accrued. See, e.g., Womack v. Tate, No. 20-15011, 2020 WL 3799205, at *1, 2020 U.S. App. LEXIS 16029, at *1 (9th Cir. May 19, 2020) (reversing denial of request to proceed in forma pauperis where prisoner had three strikes because allegation that he "was in excruciating pain" due to the discontinuation of pain medication and mobility vest sufficiently alleged imminent danger of serious physical injury); Bradford v. Marchak, 667 F. App'x 616, 617 (9th Cir. 2016) (reversing denial of request to proceed in forma pauperis where prisoner was subject to § 1915(g) but allegations of "of chest pain, dizziness, blurred vision and headaches

2

1  from ongoing involuntary psychotropic medication" were sufficient to allege imminent danger of
2  serious physical injury). Plaintiff was properly granted leave to proceed in forma pauperis and
3  defendants' motion to revoke such status should be denied.[1]

4  Accordingly, IT IS HEREBY ORDERED that defendants Gates, Lynch, Sahota, and
5  Bobbala's motion for an extension of time (ECF Nos. 31, 32) is GRANTED in part. These
6  defendants shall have thirty days from the filing of this order to file a response to the complaint.

7  IT IS FURTHER RECOMMENDED that defendants Gates, Lynch, Sahota, and
8  Bobbala's motion to revoke plaintiff's in forma pauperis status (ECF Nos. 32, 34) be DENIED.

9  These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties. Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
14 objections shall be served and filed within fourteen days after service of the objections. The
15 parties are advised that failure to file objections within the specified time may waive the right to
16 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED: October 25, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that while it is being recommended that the motion to revoke his in forma pauperis status be denied, defendant Soltanian-Zadeh's motion to dismiss remains pending and failure to respond may be deemed a waiver of any opposition to granting the motion. See L.R. 230(l).