1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WILLIAM CORTINAS,                    No.  2:21-cv-0611 TLN AC P

12            Plaintiff,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   KATHERINE NEEL, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court are defendants Soltanian-Zadeh and Bobbala's motions

19   to dismiss (ECF Nos. 33, 39), plaintiff's motions to compel (ECF Nos. 46, 48, 50), and

20   defendants Gates, Lynch, and Sahota's motion for an extension of time (ECF No. 49).

21        I.      Procedural History

22        Upon screening the complaint, the court found that plaintiff had stated claims for

23   deliberate indifference based on the denial of pain medication against defendants Bobbala,

24   Sahota, Soltanian-Zadeh, Lynch, and Gates; deliberate indifference based on the denial of

25   medication assisted treatment against Sahota, Soltanian-Zadeh, and Lynch; and retaliation against

26   Soltanian-Zadeh.  ECF No. 8.  Plaintiff's other allegations were found to be insufficient to state

27   claims for relief and he was given the option of proceeding on his cognizable claims or amending

28   the complaint.  Id. at 10.  Plaintiff chose to proceed on the complaint as screened and voluntarily

                                                1

1   dismissed all claims against defendant Neel; the retaliation claims against defendants Bobbala,

2   Sahota, Lynch, and Gates; and the deliberate indifference claims based on the denial of

3   medication assisted treatment against defendants Gates and Bobbala.  ECF No. 11.  Defendants

4   Soltanian-Zadeh and Bobbala have moved to dismiss the claims against them (ECF Nos. 33, 39)

5   and plaintiff opposes the motions (ECF Nos. 37, 44).  Defendants Gates, Lynch, and Sahota have

6   answered the complaint and have filed a request for an extension of time to respond to discovery.

7   ECF Nos. 40, 49.  Plaintiff has also filed motions to compel discovery responses from Bobbala.

8   ECF No. 46.

9        II.      Plaintiff's Allegations

10       Relevant to the motions to dismiss, plaintiff alleges that defendants Soltanian-Zadeh and

11  Bobbala violated his rights under the First and Eighth Amendments.  ECF No. 1.  Plaintiff alleges

12  that after years of being prescribed methadone, which was discontinued as punishment for filing

13  lawsuits, he developed an addiction to heroin, which he uses to treat his chronic pain.  Id. at 4-5.

14  In May 2020, Soltanian-Zadeh refused to issue a prescription for tramadol to treat plaintiff's pain,

15  even though the response to plaintiff's health care appeal confirmed he should be receiving

16  tramadol.  Id. at 6.  It appears that Bobbala was responsible for an early-stage response to the

17  appeal.  Id.  He further alleges that despite multiple medical forms requesting treatment for pain

18  caused by damage to plaintiff's cervical and lumbar spine, Soltanian-Zadeh and Bobbala

19  continued to allow plaintiff to suffer in pain.  Id.

20       Additionally, on July 10, 2020, Soltanian-Zadeh determined that plaintiff required

21  medication assisted treatment for his heroin abuse and an appointment was scheduled for August

22  9, 2020.  Id. at 4.  However, during the appointment plaintiff asked Soltanian-Zadeh why he

23  would not treat him and Soltanian-Zadeh responded that he would not treat plaintiff unless he

24  dismissed his litigation against the medical department.  Id.  After the appointment, Soltanian-

25  Zadeh stopped all of plaintiff's pain medication and prevented plaintiff's August 9, 2020

26  appointment from taking place.  Id.

27  ////

28  ////

1    III.    Motions to Dismiss

2              A.  Legal Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

3          In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

4    complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

5    must contain factual allegations sufficient to "raise a right to relief above the speculative level."

6    Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  "'[T]he pleading must

7    contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

8    legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright &

9    Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).  "[A] complaint must

10   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

11   face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A

12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing

14   Twombly, 550 U.S. at 556).

15         In reviewing a complaint under this standard, the court must accept as true the allegations

16   of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976)

17   (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and

18   resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)

19   (citations omitted).

20              B.  Requests for Judicial Notice

21         Defendants Soltanian-Zadeh and Bobbala request that the court take judicial notice of

22   various proceedings in both this court and the state court and of defendant Bobbala's May 2020

23   response to plaintiff's grievance.  ECF Nos. 33-2, 39-1.  The court "may take notice of

24   proceedings in other courts, both within and without the federal judicial system, if those

25   proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria

26   Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal

27   quotation marks omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are

28   capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

3

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court
> considers evidence outside the pleadings, it must normally convert
> the 12(b)(6) motion into a Rule 56 motion for summary judgment,
> and it must give the nonmoving party an opportunity to respond.  A
> court may, however, consider certain materials—documents attached
> to the complaint, documents incorporated by reference in the
> complaint, or matters of judicial notice—without converting the
> motion to dismiss into a motion for summary judgment.

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (internal citations omitted).

Soltanian-Zadeh requests that the court take judicial notice of the allegations made by plaintiff in three other cases filed in this court, including Cortinas v. Soltanian (Soltanian), Case No. 2:20-cv-1067 DAD JDP (E.D. Cal.).  ECF No. 33-2.  Soltanian is the only case of the three that includes allegations against Soltainian-Zadeh (see id. at 5-44) and is therefore the only case relevant to whether plaintiff's claims against Soltanian-Zadeh in this case are duplicative.  None of the allegations Soltanian-Zadeh requests the court take notice of are relevant to whether plaintiff sufficiently pled his claims in this case.  Accordingly, the request for judicial notice will be granted to the extent the court takes notice of the complaint in Soltanian and is otherwise denied.  See Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution of the appeal).

Bobbala requests that the court take judicial notice of the first amended complaint in Cortinas v. McCabe (McCabe), Case No. 1:16-cv-0558 LJO MJS (E.D. Cal.); the docket and various filings in Cortinas v. Gill (Gill), Case No. 1:18-cv-0515 DAD HBK (E.D. Cal.), including a copy of the settlement agreement in McCabe; the complaint and docket in Cortinas v. Arya, No. 34-2021-00312837 (Sacramento Cnty. Super. Ct.); and Bobbala's May 15, 2020 response to health care appeal No. SAC HC 20000199.  ECF No. 39-2.  The request for judicial notice will be granted as to the filings in McCabe and Gill, which relate to defendant's arguments that the settlement agreement in McCabe bars plaintiff's claims against her.

With respect to the state court proceedings, Bobbala's motion indicates that the claims in that action are the same as those presented here and states that she reserves the right to seek a stay of this action based on the Colorado River doctrine.  ECF No. 39 at 3-4 & n.1 (citing Colo. River

4

1   Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); R.R. St. & Co. Inc. v.

2   Transp. Ins. Co., 656 F.3d 966 (9th Cir. 2011)).  However, the state proceedings are irrelevant to

3   the grounds on which Bobbala seeks to dismiss the claims against her.  Moreover, plaintiff states

4   in his opposition that he dismissed his state court action on December 13, 2022 (ECF No. 44 at

5   1), and Bobbala does not contest this assertion.  The request for judicial notice will therefore be

6   denied as to the state court complaint and docket because they are not relevant to the motion.  See

7   Santa Monica Food Not Bombs, 450 F.3d at 1025 n.2

8          As for Bobbala's response to plaintiff's appeal, defendant argues that the court may take

9   judicial notice of the document because it is referenced in the complaint and judicial notice of

10   inmate grievances related to the proceedings is appropriate.  ECF No. 39-1 at 2.  However, while

11   plaintiff does reference the response in the complaint and the document may be the proper subject

12   of judicial notice, it is the summary of plaintiff's treatment within the response that Bobbala relies

13   on in her motion to argue that plaintiff fails to state a claim for deliberate indifference.  ECF No.

14   39 at 8-10.  The fact that plaintiff referenced the appeal response does not mean that he intended

15   to adopt the statements contained therein as true, nor is a grievance response summarizing

16   plaintiff's medical records sufficient to establish the medical treatment plaintiff received.

17   Accordingly, it is not proper to take judicial notice of the appeal for the truth of the asserted facts

18   it contains and the request for judicial notice will be denied as to Bobbala's grievance response.

19   See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the

20   document itself is susceptible to judicial notice does not mean that every assertion of fact within

21   that document is judicially noticeable for its truth.").

22          C.   Deliberate Indifference

23      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

24   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

25   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

26   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

27   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

28   (2) "the defendant's response to the need was deliberately indifferent."  Id.  (some internal

1    quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

2    Deliberate indifference is a very strict standard.  It is "more than mere negligence."

3    Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Even civil recklessness—failure "to act in the face

4    of an unjustifiably high risk of harm that is either known or so obvious that it should be

5    known"—is insufficient to establish an Eighth Amendment claim.  Id. at 836-37 (citation

6    omitted).  A prison official will be found liable under the Eighth Amendment when "the official

7    knows of and disregards an excessive risk to inmate health or safety; the official must both be

8    aware of facts from which the inference could be drawn that a substantial risk of serious harm

9    exists, and he must also draw the inference."  Id. at 837.  A plaintiff can establish deliberate

10   indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible

11   medical need and (b) harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin,

12   974 F.2d at 1060).

13   Deliberate indifference "may appear when prison officials deny, delay or intentionally

14   interfere with medical treatment, or it may be shown by the way in which prison physicians

15   provide medical care."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing

16   Estelle, 429 U.S. at 104-05).  However, a difference of opinion between an inmate and prison

17   medical personnel—or between medical professionals—regarding the appropriate course of

18   treatment does not by itself amount to deliberate indifference to serious medical needs.  Toguchi

19   v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

20   1989).  To establish that a difference of opinion rises to the level of deliberate indifference,

21   plaintiff "must show that the chosen course of treatment 'was medically unacceptable under the

22   circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's]

23   health.'"  Toguchi, 391 F.3d at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

24   1996)).

25          D.  Discussion

26               i.  Defendant Soltanian-Zadeh's Motion

27   Defendant Soltanian-Zadeh moves to dismiss the claims against him on the grounds that

28   the claims are duplicative of those plaintiff is pursuing in Soltanian, Case No. 2:20-cv-1067 DAD

6

1    JDP, and that plaintiff has failed to state any cognizable claims for relief.  ECF No. 33-1.

2    Plaintiff opposes the motion and argues that the conduct alleged in the instant action is separate

3    from that alleged in his other action and that defendant cannot avoid liability for subsequent

4    violative conduct because he is already being sued in relation to other, similar conduct.  ECF No.

5    37.

6                             a.   Duplicative Claims

7        In Soltanian, plaintiff alleged that on December 3, 2019, Soltanian-Zadeh threatened to

8    stop all of plaintiff's medical care unless he dismissed his civil litigation, and followed through

9    with the threat on December 3, 2019, January 5, 2020, and April 19, 2020.  ECF No. 33-2 at 8,

10   11, 13-14.  The alleged retaliation included cancelling plaintiff's pain medication and methadone;

11   taking plaintiff's cane, walker, cervical and wedge pillow, and neck brace; and putting plaintiff in

12   a wheelchair under threat of suicide watch if he refused.  Id. at 8, 13-14.  Plaintiff alleged that he

13   had been completely denied pain medication since April 19, 2020, including tramadol, which he

14   was supposed to be receiving according to an April 22, 2020 appeal response from Sahota and

15   Gates and a May 15, 2020 response from Bobbala.  Id. at 14.

16       The undersigned finds that plaintiff's claims in this action that Soltanian-Zadeh has

17   continuously refused to provide pain medication, including refusal to comply with a May 15,

18   2020 appeal decision stating he was supposed to be receiving tramadol, in retaliation for pursuing

19   civil litigation (ECF No. 1 at 6), are duplicative of the claims in Soltanian and should be

20   dismissed as such.  See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) ("[A]

21   district court has broad discretion to control its own docket, and that includes the power to

22   dismiss duplicative claims." (citation omitted)).  To the extent plaintiff may be attempting to

23   allege additional incidents of Soltanian-Zadeh denying pain medication outside those alleged in

24   Soltanian, the facts alleged in the complaint are insufficient to demonstrate that the alleged

25   denials are separate from those alleged in Soltanian.

26       However, plaintiff's allegations related to Soltanian-Zadeh's determination that he

27   required medication assisted treatment and subsequent retaliatory cancellation of plaintiff's

28   appointment are not duplicative of the allegations in Soltanian, as these allegations concern a

7

1    specific, discrete incident that occurred after the filing of the complaint in Soltanian.  Although it

2    appears that plaintiff may have been able to properly seek leave to supplement the complaint in

3    Soltanian with these allegations, see Fed. R. Civ. P. 15(d) (the court may permit "a supplemental

4    pleading setting out any transaction, occurrence, or event that happened after the date of the

5    pleading to be supplemented"), and such supplementation may have been more efficient, there is

6    no requirement that plaintiff seek leave to file a supplemental pleading instead of filing a separate

7    action.

8                         b.   Failure to State a Claim

9        Soltanian-Zadeh also argues that the claims against him should be dismissed for failure to

10   state a claim because they "are largely erratic and contradictory," fail to establish either the

11   objective or subjective elements of deliberate indifference, and fail to sufficiently allege

12   Soltanian-Zadeh's conduct was retaliatory.  ECF No. 33-1 at 6-8.  He argues that the allegations

13   amount to no more than a difference of opinion as to proper treatment and demonstrate that

14   plaintiff received care and "had the advantage of a team of medical professionals assessing his

15   medical needs."  Id. at 6-7.

16       Because the undersigned has found that plaintiff's First and Eighth Amendment claims

17   regarding the retaliatory denial of pain medication should be dismissed as duplicative, only the

18   sufficiency of plaintiff's remaining claims will be addressed.  As the undersigned already found

19   in screening the complaint, plaintiff has alleged sufficient facts to state claims for deliberate

20   indifference and retaliation against defendant Soltanian-Zadeh based on the denial of medication

21   assisted treatment.  The complaint alleges that on July 10, 2020, Soltanian-Zadeh determined that

22   plaintiff required medication assisted treatment for his abuse of heroin and scheduled an

23   appointment for said treatment.  ECF No. 1 at 4.  During plaintiff's appointment with Soltanian-

24   Zadeh he asked defendant why he would not treat him, and defendant responded that he would

25   not treat plaintiff unless plaintiff dismissed his litigation against the medical department.  Id.

26   Subsequent to the appointment, Soltanian-Zadeh cancelled the August 9, 2020 medication

27   assisted treatment appointment.  Id.

28       On these facts, plaintiff has clearly alleged that Soltanian-Zadeh determined that plaintiff

                                          8

1    required treatment, even going so far as to schedule the necessary treatment, and then cancelled it

2    when plaintiff did not dismiss his civil litigation.  There is nothing contradictory about these

3    facts.[1]  Furthermore, that plaintiff was sent to the hospital in February 2021 after breaking an

4    injection needle in his arm while using heroin and was eventually scheduled to see an addiction

5    physician in April 2021 does not negate plaintiff's claim that Soltanian-Zadeh was deliberately

6    indifferent when he cancelled plaintiff's August 2020 appointment for addiction treatment.

7    Plaintiff has therefore sufficiently stated First and Eighth Amendment claims against Soltanian-

8    Zadeh based on the denial of medication assisted treatment and the motion to dismiss should be

9    denied as to these claims.

10                              ii.   Defendant Bobbala's Motion

11         Defendant Bobbala moves to dismiss the claims against her on the grounds that plaintiff

12    has failed to state any cognizable claims for relief and the claims are barred by the settlement

13    agreement in McCabe, Case No. 1:16-cv-0558 LJO MJS.  ECF No. 39.  Plaintiff opposes the

14    motion and argues that his claims are not barred by the settlement agreement because this case

15    involves the treatment of pain from injuries that did not exist at the time of the agreement.  ECF

16    No. 44.

17                              a.   Failure to State a Claim

18         Defendant Bobbala argues that plaintiff has not alleged sufficient facts to state a claim for

19    deliberate indifference because his allegations are based solely on her supervisory role in the

20    appeals process and are vague and contradictory.  ECF No. 39 at 6-10.  She asserts that the

21    complaint is contradictory because plaintiff alleges both that she allowed him to suffer in pain

22    despite his multiple requests for treatment and that she provided pain relief after he dismissed her

23    from another case.  Id. at 7.  Bobbala further argues that plaintiff cannot state a claim against her

24    ////

---

25   [1] Soltanian-Zadeh's argument that plaintiff's allegations are contradictory appears largely
26   directed at the alleged denial of pain medication.  The complaint does not provide an entirely
     clear chronology of events, and the alleged conduct covers multiple defendants and appears to
27   span an approximately one-year period.  Despite some resulting ambiguity as to details, the court
     does not find any fatal inconsistency when the complaint is construed with the liberality afforded
28   to pro se litigants.

9

1  based solely on her supervisory position or the fact that she reviewed or denied his grievances.

2  Id. at 7-9.

3       Considering that plaintiff's allegations cover a span of approximately one year, the fact

4  that he alleges that Bobbala eventually provided him with pain relief after he dismissed her from

5  litigation[2] does not contradict his claims that she initially refused to do so.  Furthermore, as found

6  when the court screened the complaint, plaintiff has alleged sufficient facts to state a claim for

7  deliberate indifference against Bobbala.  Although it is true that the prison grievance procedure

8  does not confer any substantive constitutional rights upon inmates, and actions in reviewing and

9  denying inmate appeals generally do not serve as a basis for liability under § 1983, see Ramirez v.

10 Galaza, 334 F.3d 850, 860 (9th Cir. 2003), prison administrators cannot willfully turn a blind eye

11 to constitutional violations being committed by subordinates.  Accordingly, an individual who

12 denies an inmate appeal and who had the authority and opportunity to prevent an ongoing

13 constitutional violation can be subject to liability if the individual knew about an existing or

14 impending violation and failed to prevent it.  See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir.

15 2006) (prison administrators "are liable for deliberate indifference when they knowingly fail to

16 respond to an inmate's requests for help" (citations omitted)).

17       In this case, when liberally construed, the complaint alleges facts sufficient to show that

18 Bobbala signed off on a grievance response affirming that plaintiff should be receiving pain

19 treatment, including tramadol, and then failed to intervene, despite her ability and authority to do

20 so, when plaintiff subsequently notified her on multiple occasions that he was not receiving any

21 treatment for his pain.  See ECF No. 1 at 5-6.  These allegations are sufficient to state a claim at

22 the pleading stage and Bobbala's motion to dismiss should be denied on this ground.

23              b.   Settlement Agreement

24       Defendant Bobbala also argues that plaintiff's claims against her are barred by the

25 settlement agreement in McCabe even though she was not named as a defendant in McCabe and

26 _____

27 [2]  Plaintiff alleges that Bobbala provided him pain relief after he dismissed her from case 2:20-cv-1067.  ECF No. 1 at 5.  The docket in that case reflects that plaintiff moved to voluntarily dismiss Bobbala on March 3, 2021, and the voluntary dismissal was granted on August 31, 2021.

28 Soltanian, ECF Nos. 43, 57.

1    the claims against her are based on events that took place after the settlement agreement was

2    executed.  ECF No. 39 at 10-11.  She argues that Gill, Case No. 1:18-cv-0515 DAD HBK, in

3    which the court found the settlement agreement barred claims against defendants not named in

4    McCabe for conduct that occurred after plaintiff signed the settlement agreement, "is squarely on

5    point."  Id.  Plaintiff argues that the settlement agreement in McCabe does not bar his claims in

6    this action because he was assaulted by correctional officers after he signed the settlement

7    agreement, resulting in new injuries to his cervical and lumbar spine for which he now requires

8    treatment that is being denied.  ECF No. 44 at 1.

9        The agreement in McCabe covered "all of the claims and allegations in the Complaint and

10   any amendments thereto against Defendants, whether named or unnamed and whether served or

11   unserved, and any past or current employees of CDCR."  ECF No. 39-1 at 39.  It provided, in

12   relevant part, that "[b]y signing this Agreement, Plaintiff releases CDCR, Defendants, whether

13   named or unnamed and whether served or unserved, and any other past or current CDCR

14   employees from all claims, past, present and future, known or unknown, that arise or could arise

15   from the facts alleged in the Complaint."  Id. at 40.  The amended complaint in McCabe alleged

16   that in March 2015, the pain management committee stopped plaintiff's pain medication because

17   he followed the Islamic faith and caused him to suffer from extreme pain over the following year.

18   Id. at 70-71.  The committee told him that "[w]e do not treat Muslims.  What a mess a mentally ill

19   Muslim.  Who wants to be treated humanely."  Id. at 71.  Prior to that, plaintiff had been

20   receiving Tylenol 3 and gabapentin.  Id.  In June 2015, the defendants began prescribing

21   gabapentin again because they believed plaintiff had stopped practicing Islam and in February

22   and March 2016 prescribed methadone for the same reason.[3]  Id. at 73.

23       Contrary to Bobbala's assertion, the decision in Gill is not "squarely on point."  The

24   complaint in Gill was filed about two and a half weeks after plaintiff signed the settlement

25   agreement in McCabe, and the conduct alleged overlapped considerably with that alleged in

26   McCabe in terms of both the specific conduct alleged and the timeframe during which it

27

28   _____
     [3]  The complaint also included a claim for excessive use of force and failure to provide treatment
     after the use of force that are not relevant here.  ECF No. 39-1 at 71-72.

                                        11

1    occurred.[4]  See id. at 6-20 (original and amended complaint in Gill), 42 (signature page of

2    settlement agreement), 66-74 (complaint in McCabe).  In contrast, the complaint in this case was

3    filed approximately three years after the settlement agreement was signed and alleges violations

4    that took place both at a different prison and several years after those alleged in McCabe.  See

5    ECF No. 1 at 7.  Furthermore, while the instant complaint does allege a failure to provide pain

6    medication for damage to plaintiff's cervical and lumbar spine, that similarity alone is not

7    sufficient to demonstrate that the claims arise from the facts alleged in the complaint in McCabe,

8    particularly in light of plaintiff's assertion that he has suffered additional injuries to his spine that

9    require treatment.  Accordingly, the undersigned finds that the settlement agreement in McCabe

10   does not bar this action.

11              E.  Conclusion

12        For the reasons set forth above, the undersigned finds that defendant Soltanian-Zadeh's

13   motion to dismiss should be granted as to plaintiff's First and Eighth Amendment claims

14   regarding the retaliatory denial of pain medication and otherwise denied.  Defendant Bobbala's

15   motion to dismiss should be denied in its entirety.

16   IV.      Discovery

17        Plaintiff has filed motions seeking to compel defendants Bobbala, Gates, and Lynch to

18   respond to discovery requests (ECF Nos. 46, 48, 50) and defendants Gates, Lynch, and Sahota

19   have moved for an extension of time to respond to discovery requests (ECF No. 49).  However, a

20   Discovery and Scheduling Order has yet to be entered in this case, making any discovery requests

21   and motions to compel premature.  Although Gates, Lynch, and Sahota have answered the

22   complaint, Bobbala and Soltanian-Zadeh have not.  Upon resolution of the pending motions to

23   dismiss and once all remaining defendants have answered the complaint, an order setting the

24

25   [4]  Relevant to the issues here, the original and first amended complaints in Gill alleged that
     plaintiff was denied treatment for his cervical and lumbar disc related pain because of his mental
26   illness beginning sometime in 2015 and continuing through 2016 when he was finally provided
     Tylenol 3 and methadone.  ECF No. 39-1 at 9-12 (allegations in original complaint), 17-19
27   (allegations in first amended complaint).  Beginning in May 2016, plaintiff was denied baclofen
     for his pain and in May 2017, all pain treatment was once again stopped until he was approved for
28   epidural injections in December 2017.  Id.

1    schedule for discovery and dispositive motions will issue, at which point plaintiff may seek

2    discovery from defendants.  The order will also include a deadline for defendants to respond to

3    any prematurely served discovery requests.  Plaintiff's motions to compel will therefore be denied

4    as premature, and Gates, Lynch, and Sahota's motion for an extension of time to respond to

5    discovery will be denied as unnecessary.

6         V.      Plain Language Summary of this Order for a Pro Se Litigant

7              It is being recommended that defendant Soltanian-Zadeh's motion to dismiss be granted

8    as to your First and Eighth Amendment claims that he denied you pain medication in retaliation

9    for filing lawsuits because this claim is already being pursued in Cortinas v. Soltanian, No. 2:20-

10   cv-1067 DAD JDP (E.D. Cal.).  It is being recommended that the motion be denied as to your

11   First and Eighth Amendment claims that Soltanian-Zadeh denied you medication assisted

12   treatment in retaliation for filing lawsuits.  It is being recommended that defendant Bobbala's

13   motion to dismiss be denied completely.

14             Your motions to compel discovery are being denied as premature because the court has

15   not yet set a schedule for discovery.  Once a discovery and scheduling order issues, you may

16   begin requesting discovery from defendants.

17             Accordingly, IT IS HEREBY ORDERED that:

18             1.   Defendant Soltanian-Zadeh's request for judicial notice (ECF No. 33-2) is GRANTED

19   in part and DENIED in part.  The request is GRANTED to the extent the court takes judicial

20   notice of the complaint in Cortinas v. Soltanian, No. 2:20-cv-1067 DAD JDP (E.D. Cal.), and is

21   otherwise DENIED.

22             2.   Defendant Bobbala's request for judicial notice (ECF No. 39-1) is GRANTED in part

23   and DENIED in part.  The request is GRANTED to the extent the court takes judicial notice of

24   the documents submitted pertaining to Cortinas v. McCabe, No. 1:16-cv-0558 LJO MJS (E.D.

25   Cal.), and Cortinas v. Gill, No. 1:18-cv-0515 DAD HBK (E.D. Cal.), and is otherwise DENIED.

26             3.   Plaintiff's motions to compel (ECF Nos. 46, 48, 50) are DENIED as premature.

27             4.   Defendants Gates, Lynch, and Sahota's motion for an extension of time (ECF No. 49)

28   is DENIED as unnecessary.

1    IT IS FURTHER RECOMMENDED that:

2    1.  Defendant Soltanian-Zadeh's motion to dismiss (ECF No. 33) be GRANTED in part

3  and DENIED in part as follows:

4         a.  GRANTED as to plaintiff's First and Eighth Amendment claims regarding the

5             retaliatory denial of pain medication on the ground that they are duplicative of his

6             claims in Cortinas v. Soltanian, No. 2:20-cv-1067 DAD JDP (E.D. Cal.);

7         b.  DENIED on all other grounds; and

8         c.  The complaint should proceed against Soltanian-Zadeh on plaintiff's First and

9             Eighth Amendment claims based on the retaliatory denial of medication assisted

10            treatment.

11   2.  Defendant Bobbala's motion to dismiss (ECF No. 39) be DENIED.

12   3.  Defendants Soltanian-Zadeh and Bobbala be required to answer the complaint within

13 twenty-one days of any order adopting these findings and recommendations as to their respective

14 motion to dismiss.

15    These findings and recommendations are submitted to the United States District Judge

16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

17 after being served with these findings and recommendations, any party may file written

18 objections with the court and serve a copy on all parties.  Such a document should be captioned

19 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20 objections shall be served and filed within fourteen days after service of the objections.  The

21 parties are advised that failure to file objections within the specified time may waive the right to

22 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: May 23, 2023

24 _____
   ALLISON CLAIRE
25 UNITED STATES MAGISTRATE JUDGE

26

27

28